IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROSA ROHLOFF                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 2:07CV79-B-A

BARDEN DEVELOPMENT, INC.,
D/B/A FITZGERALD'S CASINO/HOTEL
TUNICA, MISSISSIPPI; THE MAJESTIC
STAR CASINO, LLC; AND BARDEN MISSISSIPPI
GAMING, LLC, D/B/A FITZGERALD'S
TUNICA                                                                                         DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motions for summary judgment. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiff, Rosa Rohloff, alleges that she was injured when she fell at Fitgerald's Casino on August 22, 2005. Ms. Rohloff, and her husband, Melvin, arrived at the casino and hotel the previous day, checked in, visited the buffet, and participated in various gaming activities. Ms. Rohloff testified in her deposition that she thought the carpet of the hotel was "sticky" for the duration of her stay and that it was "sticky" everywhere she went throughout the hotel, including the hotel's halls, casino, and buffet area.

On the morning of August 22, the Rohloffs left their hotel room, entered the 8th Floor hallway, walked approximately fifty feet down the hall[1], and Ms. Rohloff fell. No obstruction was

---

[1]The length of the plaintiff's walk prior to her fall is one of several facts which the plaintiff contests in response to the defendants' summary judgment motions, in an apparent attempt to create issues of fact, but which prove to be consistent time and again with the plaintiff's deposition testimony and which ultimately prove to be immaterial in the first instance.

in the hallway, but the plaintiff asserts that the hotel's cleaning staff had poured "slippery carpet cleaning chemicals" on the carpet. Ms. Rohloff stood up, and the Rohloffs went downstairs to the hotel's breakfast buffet. After breakfast, the Rohloffs went to the hotel's front desk and reported to an attendant that Ms. Rohloff had fallen. The attendant contacted emergency personnel who took the following statement from the plaintiff: "I was coming out of my room and fell." Melvin Rohloff also gave a statement. He stated that "there was no apparent reason for tripping." The Rohloffs checked out of the hotel later that same day.

Ms. Rohloff filed the present action on May 4, 2007, against Barden Development, Inc., d/b/a Fitzgerald's Casino/Hotel Tunica, Mississippi, The Majestic Star Casino, LLC, and Barden Mississippi Gaming d/b/a Fitzgerald's Tunica asserting claims for negligent failure to supervise employees and inspect premises and negligent failure to warn of a dangerous condition. She seeks a minimum of $250,000 in alleged compensatory damages. All defendants have moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

2

issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Analysis

The law regarding a landowner's duties to invitees is well-settled in Mississippi:

> There is no duty to warn of a defect or danger that is as well known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Grammar v. Dollar*, 911 So. 2d 619, 624 (Miss. App. 2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business "owes a duty to an invitee to *exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care.*" *Robinson v. Ratliff*, 757 So. 2d 1098, 1101 (Miss. App. 2000).

*Criss v. Lipscomb Oil Co.*, No. 2006-CA-01726-COA, 2008 WL 942041, at *1 (Miss. App. Apr. 8, 2008) (Emphasis in original).

In the present case, Ms. Rohloff stated in her deposition that the carpet was "sticky" throughout the hotel and casino for the duration of her stay. In response to the defendants' motions, she stated, "Plaintiff admits that the carpet on the 8th floor of the hotel was sticky from her arrival until her departure, and defendants did not place sign or warning to alert guests of the hazardous condition." Her testimony and response to the present motions thus establish that the "sticky" floor, assuming it presented a dangerous condition, was "readily apparent" and "as well known to the invitee as to the landowner." It is uncontested that Ms. Rohloff never complained to a hotel representative about the condition of the carpet. Even after falling, she simply stated that

3

she "was coming out of [her] room and fell," and her husband stated that his wife fell for "no apparent reason."

The plaintiff contends that the defendants' employees had poured "slippery carpet cleaning chemicals" on the carpet, but it appears that she intends this allegation to serve only as her theory of why the carpet was "sticky" – a condition about which she admittedly became aware early after her arrival – not as an additional hazardous condition. If the plaintiff means to assert that these "slippery carpet cleaning chemicals" created a hazardous condition in addition to the already "sticky" carpet, her claim nevertheless fails to survive summary judgment because she has directed the court to no evidence in the record that would tend to establish this fact. "A district court is not required to scour the record in search of evidence to support the non-movant." *Eyikogbe v. Texas State Dept. of Highways and Public Transp.*, 990 F.2d 1252 (5th Cir. 1993). Once the movant demonstrates the absence of a genuine issue of material fact, which the defendants did here, "the nonmovant must go beyond the pleadings and designate *specific* facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). It is well-settled that a plaintiff cannot meet this burden with mere "conclusory allegations" and "unsubstantiated assertions." *Id.* The court finds that the plaintiff's assertions regarding carpet cleaning chemicals fall into the category of "conclusory allegations" and "unsubstantiated assertions."

The plaintiff asserts that her fall caused her to break four ribs, suffer a bulging disc, and sustain other injuries to various parts of her body. While these injuries are unfortunate, the defendants are not responsible for them under Mississippi law. The court therefore finds that the defendants are entitled to summary judgment.

The court further notes that an ownership issue exists in this case. Defendant Barden Development, Inc., and The Majestic Star Casino, LLC, assert that they do not own Fitzgerald's Casino. The plaintiff disputes this assertion. The court finds, however, that the ownership issue is immaterial, as this court has already determined that the plaintiff's case cannot survive on the merits. For this reason, all defendants are entitled to summary judgment.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motions for summary judgment are well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 4th day of November, 2008.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**